

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-29-2006

# USA v. Ellis

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5470

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Ellis" (2006). *2006 Decisions.* Paper 152.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/152

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5470
_____

UNITED STATES OF AMERICA

v.

ROGER W. ELLIS,

Appellant.

_____

On Appeal From the United States District Court
for the Middle District of Pennsylvania
(No. 94-cr-00256)
District Judge:  Honorable Thomas I. Vanaskie, Chief Judge

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2006

Before:  SLOVITER, CHAGARES and GREENBERG, *Circuit Judges*.

(Filed:  November 29, 2006)
_____

OPINION OF THE COURT
_____

CHAGARES, *Circuit Judge*.

Appellant Roger W. Ellis ("Ellis") appeals from the District Court's Order of December 15, 2005 revoking his supervised release and imposing the statutory maximum term of imprisonment of twenty-four months. We will affirm.

I.

We write only for the parties, therefore a lengthy recitation of the facts and procedural background is unnecessary.

On November 30, 1995, Ellis pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). On March 28, 1996, Ellis was sentenced to a 120-month term of imprisonment on each count to run concurrently and a two-year term of supervised release on each count also running concurrently. Ellis commenced his term of supervised release on November 13, 2003, but Ellis's liberty lasted only a scant eight months. On July 28, 2004, he was arrested for violating the terms and conditions of his supervised release. On September 16, 2004, the District Court revoked Ellis's supervised release and sentenced him to a four-month term of imprisonment followed by a one-year term of supervised release.

Ellis served the four-month term. He commenced his second period of supervised release on November 24, 2004, but history was soon to repeat. In August 2005, a warrant was again issued for Ellis's arrest for violating several conditions of his supervised release. Specifically, the warrant charged Ellis with violating the General Condition

2

which forbade Ellis from committing another federal, state or local crime, as well as three Standard Conditions. In violation of Standard Condition # 2, Ellis failed to submit a report for the month of July 2005 and failed to report to the Probation Office as directed on August 12, 2005. In violation of Standard Condition # 11, Ellis failed to notify his Probation Officer within seventy-two hours of the receipt of a citation for speeding from Pennsylvania State Police in June 2005 and he failed to inform Probation that he had been charged by Pennsylvania State Police with allegedly assaulting his girlfriend in July 2005. Finally, Ellis repeatedly failed to attend scheduled individual and group drug and alcohol counseling sessions occurring during the months of April, May, and June 2005, in violation of Standard Condition # 15.

At the revocation hearing, Ellis admitted violating the three aforementioned Standard Conditions and waived his right to a probable cause hearing thereon. The Government agreed to dismiss the allegation that Ellis violated the General Condition. Thereafter, the District Court heard arguments from the parties on the appropriate sentence to impose. Ellis maintained that the imposition of another four-month term of incarceration would be the most appropriate punishment. The Government argued for the imposition of a longer sentence. Ellis's original criminal history category was VI, that being the highest, and the subsequent activity leading to this revocation hearing constituted Grade C violations of his supervised release.[1] Thus, the range of

---

[1] The record before us on appeal does not reflect whether the crimes for which Ellis pled guilty originally (felon in possession and possession of unregistered firearm)

3

imprisonment applicable upon revocation, pursuant to the advisory United States Sentencing Guidelines § 7B1.4 (Chapter 7 Policy Statement Revocation Table), was between eight and fourteen months, with the maximum sentence under 18 U.S.C. § 3583(e) for a Class C or D felony being twenty-four months. Ultimately, the District Court rejected Ellis's request for a four-month sentence, sentencing Ellis instead to the statutory maximum term of twenty-four months imprisonment.

Ellis timely appealed.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "When there is no applicable sentencing guideline (Chapter 7 policy statements are not 'sentencing guidelines'), and when the district court sentences within statutory limits . . . , we are empowered to review the sentence and will not disturb it unless it is 'plainly unreasonable.'" United States v. Blackston, 940 F.2d 877, 894 (3d Cir. 1991) (citing 18 U.S.C. § 3742(e)(4)). Prior to United States v. Booker, 543 U.S. 220 (2005), we reviewed "revocation sentences for abuse of discretion that resulted in a 'plainly unreasonable' sentence." United States v. Dees, ---- F.3d ----, 2006 WL 3209989, at *3

---

were classified as Class C or Class D felonies. According to the presentence report, the maximum term of imprisonment for counts I and II is ten years for each. "An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is – . . . (3) less than twenty-five years but ten or more years, as a Class C felony; (4) less than ten years but five or more years, as a Class D felony." 18 U.S.C. § 3559(a)(3)-(4). Class C and Class D felonies are grouped together in 18 U.S.C. § 3583(e) for purposes of determining the maximum statutory term of incarceration upon revocation of supervised release.

(3d Cir. Nov. 8, 2006) (citing <u>United States v. Schwegel</u>, 126 F.3d 551, 555 (3d Cir. 1997); 18 U.S.C. § 3742(a)(4)).

Ellis contends that a reasonableness standard applies in reviewing the District Court's consideration of § 3553(a) factors. <u>Booker</u>, 543 U.S. at 262 ("Nor do we share the dissenters' doubts about the practicality of a 'reasonableness' standard of review. 'Reasonableness' standards are not foreign to sentencing law. The Act has long required their use in important sentencing circumstances-both on review of departures, see 18 U.S.C. § 3742(e)(3) (1994 ed.), and on review of sentences imposed where there was no applicable Guideline, see §§ 3742(a)(4), (b)(4), (e)(4). Together, these cases account for about 16.7% of sentencing appeals. See United States Sentencing Commission, 2002 Sourcebook of Federal Sentencing Statistics 107, n. 1, 111 (at least 711 of 5,018 sentencing appeals involved departures), 108 (at least 126 of 5,018 sentencing appeals involved the imposition of a term of imprisonment after the revocation of supervised release).").

We conclude that Ellis's sentence satisfies either standard of review, and therefore we need not determine at this time which standard of review applies to violations of supervised release.

## III.

Section 3583(e) governs the revocation of supervised release. It states,

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

5

. . . .

> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony . . . .

18 U.S.C. § 3583(e)(3). The § 3553(a) factors referred to within § 3583(e) include: "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to afford adequate deterrence to criminal conduct; (4) the need to protect the public from further crimes of the defendant; and (5) the need to provide the defendant with appropriate treatment." Blackston, 940 F.2d at 893.

On appeal, Ellis contends that the District Court failed to articulate explicitly its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) as relevant to 18 U.S.C. § 3583(e). According to Ellis, Booker obligates the District Court to discuss in detail all of the § 3553(a) factors and state on the record the reasons for the sentence imposed. Ellis argues that because the record is devoid of such in depth, particularized analysis, the sentence is unreasonable. Ellis seeks remand for re-sentencing. Ellis also asserts that his sentence violates § 3553(a) because it is greater than necessary to meet the purposes of sentencing. We disagree.

6

We made clear in <u>Blackston</u> that, within the realm of supervised release, the District Court need only "consider" relevant policy statements and the § 3553(a) factors listed in § 3583(e). <u>Blackston</u>, 940 F.2d at 893. "In fact, there is no requirement that the district court make specific findings with respect to each of the section 3553(a) factors that it considered. At the time of sentencing, the district court simply must state on the record its *general* reasons under section 3553(a) for rejecting the Chapter 7 policy statements and for imposing a more stringent sentence." <u>Id.</u>; <u>accord</u> <u>United States v. Cooper</u>, 437 F.3d 324, 329 (3d Cir. 2006) (recognizing that the District Court does not have to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing").

Here the District Court offered several reasons for its decision to sentence Ellis to twenty-four months imprisonment instead of applying the § 7B1.4 range of eight to fourteen months, and it is clear that the "record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." <u>United States v. Schweitzer</u>, 454 F.3d 197, 204 (3d Cir. 2006). The District Court noted that it had already given Ellis "a break" in sentencing him to four months imprisonment the first time his supervised release was revoked, and that by his own admission, Ellis was having difficulty adapting to society.[2] The District Court found that Ellis knowingly violated the

---

[2] Given the opportunity to address the court, Ellis stated: "It ain't been easy adapting to society, I'll tell you that. And like he said, there is no reason why I didn't, other than I knew I was going to jail, so I just didn't report." Ellis's attorney conceded that Ellis "has had a problem with probation all along."

7

terms and conditions of his release even after receiving several warnings from Probation, which demonstrated a lack of respect for the law and an inability to handle the requirements of supervision. Taking this into account, the District Court reasonably concluded that a longer term of incarceration, without further, pointless supervised release was necessary to protect the community, to provide deterrence, and to promote respect for the law. These considerations are relevant to the history and characteristics of the defendant, the need to deter criminal conduct, and the need to protect the public from further crimes by the defendant, 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C), and also provide the District Court with a solid basis for rejecting the § 7B1.4 range and imposing the more stringent statutory maximum sentence.

Additionally, the District Court considered defense counsel's request for a downward departure from the advisory Chapter 7 sentencing range. The request was rejected clearly because such a term of imprisonment failed to deter Ellis from criminal conduct when the same was imposed for Ellis's violation of his first term of supervised release. Consideration here relates directly to the need to deter criminal conduct and to provide the defendant with correctional treatment in the most effective manner. 18 U.S.C. §§ 3553(a)(2)(B), (D).

Ellis points specifically to § 3553(a)(6), the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and argues that the District Court failed to address this factor, rendering the sentence unreasonable. However, at the revocation hearing, Ellis did not present the

8

District Court with any information related to sentence disparities, and does not do so on appeal. Ellis has not met his burden on appeal to prove the sentence was unreasonable.

## IV.

We conclude that the District Court gave meaningful consideration to the applicable Chapter 7 sentencing range and statutory maximum term of imprisonment as well as the pertinent § 3553(a) factors in revoking Ellis's supervised release. The District Court did not abuse its discretion when it rejected the range of eight to fourteen months, imposing instead the maximum term of twenty-four months incarceration. Finally, the sentence of twenty-four months imprisonment is not unreasonable given that Ellis demonstrated an inability or unwillingness to comply with the requirements of supervised release not once, but twice.

Accordingly, for the foregoing reasons, we will affirm the judgment of sentence imposed by the District Court.